FEDERAL DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

C A T Transport, Inc., a Michigan corporation,

Case No. 1:21-cv-994

     Plaintiff,

v

TYLER GWILLIM and MICKEY GWILLIM, individuals,

     Defendants.

_____/

Timothy A. Hoesch (P46919)
HOESCH & VANDER PLOEG, P.L.C.
Attorney for the Plaintiffs
9 East Main Avenue
Zeeland, MI 49464
(616) 772-5221

_____/

## **COMPLAINT**

     NOW COMES the Plaintiff, C A T Transport, Inc., a Michigan corporation, by and through its attorneys, Hoesch & Vander Ploeg, P.L.C., and for its Complaint against the Defendants, states as follows:

## **JURISDICTION AND VENUE**

     1.     C A T Transport, Inc. (hereinafter referred to as "CAT Transport") is a Michigan corporation whose registered address is 3820 126th Avenue, Allegan, Michigan 49010. Jeremy Hassevoort (herein after referred to as "Jeremy") is its president, director and one (1) of two shareholders. CAT Transport's treasurer, secretary and other shareholder is Anne Hassevoort ("Anne").

2.      Tyler Gwillim (hereinafter referred to as "Defendant Tyler") is, upon information and belief, an Illinois resident currently residing at 12739 Route 108, Carlinville, Illinois 62626.

3.      Mickey Gwillim (hereinafter referred to as "Defendant Mickey") is, upon information and belief, an Illinois resident currently residing at 12739 Route 108, Carlinville, Illinois 62626.

4.      Damages claimed by CAT Transport are in excess of One Hundred Fifty-Nine Thousand and 00/100 Dollars ($159,000.00) and otherwise within the jurisdiction of this Court.

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the total amount in controversy, exclusive of attorneys' fees, costs and interest, exceeds $75,000.00, and because CAT Transport, Defendant Tyler and Defendant Mickey are citizens and/or entities of different states.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial number of the events giving rise to CAT Transport's claims occurred in this District plus the Truck, as defined in Paragraph 8. below, is located in this District, specifically in Allegan County, Michigan.

## GENERAL ALLEGATIONS

7.      Jeremy has been the president and shareholder of CAT Transport for more than twenty (20) years. Please see paragraph 2. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

8.      CAT Transport is a trucking company which owns a fleet of semi-trailer trucks which hauls freight nationwide. In the years Jeremy has owned CAT Transport, he has purchased and sold numerous semi-trucks similar to the 1984 Peterbilt, vehicle identification number ("VIN") 1XP9DB9X3FP187062 (the "Truck"), which he, as an authorized officer of CAT Transport, purchased from the Defendants. Please see paragraph 3. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

2

9.      In the first three (3) months of 2021, Jeremy became aware through a Facebook post that the Defendants were attempting to sell the Truck. Upon information and belief, Defendant Mickey is a collector of vehicles similar in make and model to the Truck and the president and agent of Gwillim Trucking, Inc., an Illinois corporation, with an address of 12739 Route 108, Carlinville, Illinois 62626. Defendant Tyler is the secretary of Gwillim Trucking, Inc. Please see paragraph 4. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

10.     Jeremy reached an agreement with the Defendants to purchase the Truck for $97,500.00 (the "Purchase Price"), and on April 3, 2021, Jeremy traveled with Anne to meet the Defendants and purchase the Truck on behalf of CAT Transport. Please see paragraph 5. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

11.     On April 3, 2021, Jeremy, on behalf of CAT Transport, paid the Purchase Price of the Truck to Defendant Tyler, divided in amounts as follows:

      A.      CAT Transport check #10755, made payable to Defendant Tyler in the amount of $36,168.09, attached to this Complaint as **Exhibit A-1**; and

      B.      CAT Transport check #10756, made payable to United Community Bank ("UCB") in the amount of $26,331.91, attached to this Complaint as **Exhibit A-2**. This check was represented to Jeremy to be the payoff amount on the lien in favor of UCB on the Truck; and

      C.      Cash in the amount of $35,000.00.

Please see paragraph 6. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

12.     On April 3, 2021, Jeremy, on behalf of CAT Transport, received physical possession of the Truck in exchange for the Purchase Price paid to Defendant Tyler. Please see paragraph 7. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

13.     On April 3, 2021, neither Anne nor Jeremy received the title to the Truck, since UCB needed to record a lien release and have a new title issued by the Illinois Secretary of State's

office in order to re-register the Truck with a new title, in the name of CAT Transport, and registered in the State of Michigan. Please see paragraph 8. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

14.     On April 3, 2021, Jeremy, after the purchase on behalf of CAT Transport, drove the Truck back to Michigan to the CAT Transport offices. Please see paragraph 9. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

15.     Jeremy, on behalf of CAT Transport, purchased the Truck from the Defendants in order to make it part of the CAT Transport fleet, and expected a "clean title", legally authorizing and documenting the transfer of the Truck (the "Authentic Title"), to be provided shortly after April 3, 2021 so that CAT Transport could begin to haul freight with the Truck. Please see paragraph 10. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

16.     In anticipation of receiving the Authentic Title from the Defendants, CAT Transport spent in excess of $10,000.00 replacing parts on the Truck and making it ready to haul loads for CAT Transport. Please see paragraph 11. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

17.     Based on more than twenty (20) years of experience owning and operating other vehicles similar in make and model to the Truck, Jeremy calculated CAT Transport would make $1500-2000 profit per week in its operation of the Truck. Please see paragraph 12. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

18.     Throughout late April, May and June 2021, Jeremy communicated with Defendant Tyler regarding his receipt of the Authentic Title of the Truck. After multiple communications with Defendant Tyler during the time period referenced above, Defendant Tyler sent Jeremy the title for a 1984 Peterbilt, VIN 1XP9DB9X6EN167916 (the "Fake Title"). A copy of the Fake Title is attached as **Exhibit A-3**. Please see paragraph 13. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

4

19.     After determining the Fake Title was not the Authentic Title for the Truck, Anne began communicating with Defendant Mickey regarding the Fake Title and the absolute necessity to receive the Authentic Title to the Truck in order to re-register the Truck in the name of CAT Transport. Please see paragraph 14. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

20.     Upon information and belief, Anne communicated with Defendant Mickey in July and August 2021, and received various excuses for why the Authentic Title had not been provided, including but not limited to a "mix-up at the Illinois Secretary of State's office." In late August 2021, Defendant Mickey stopped communicating with Anne. Please see paragraph 15. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

21.     In correspondence dated October 11, 2021, sent to both defendants, counsel for CAT Transport demanded the Defendants either immediately produce the Authentic Title for the Truck or return the Purchase Price. To date, neither of the Defendants has responded to either CAT Transport nor its counsel concerning this correspondence, attached as **Exhibit A-4**. Please see paragraph 16. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

22.     On October 29, 2021, a representative for UCB acknowledged that the CAT Transport check, attached as **Exhibit A-2**, had been used by the Defendants to payoff the UCB loan noted on the Fake Title, **Exhibit A-3**, for the 1984 Peterbilt VIN 1XP9DB9X6EN167916, and **<u>NOT</u>** the Truck. Please see paragraph 17. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

**COUNT I**
**BREACH OF CONTRACT**

23.     CAT Transport incorporates and realleges paragraphs 1 through 22 as though fully restated herein.

24.     Pursuant to the explicit and implicit terms of one or more agreements for the purchase of the Truck between CAT Transport and the Defendants, CAT Transport was entitled

to receive the Authentic Title from the Defendants. To date, the Defendants have failed and/or refused to produce the Authentic Title.

25. As a result of the actions of the Defendants, as set forth above, CAT Transport has been damaged, and will continue to be damaged, in excess of One Hundred Fifty-Nine Thousand Dollars ($159,000.00), but in total an amount of damages which are presently incalculable. Please see paragraph 18. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

WHEREFORE, CAT Transport respectfully requests that this Honorable Court enter a judgment in favor of CAT Transport, and against the Defendants, jointly and severally, as to Count I, in excess of One Hundred Fifty-Nine Thousand Dollars ($159,000.00) and award CAT Transport interest, costs and attorney fees incurred by CAT Transport in the prosecution of this claim.

## COUNT II
## CONVERSION

26. CAT Transport incorporates and realleges paragraphs 1 through 25 as though fully restated herein.

27. By failing and/or refusing to produce the Authentic Title of the Truck to CAT Transport, the Defendants have converted the Purchase Price of the truck from CAT Transport.

WHEREFORE, CAT Transport respectfully requests that this Honorable Court enter a judgment in favor of CAT Transport, and against the Defendants, jointly and severally, as to Count II, in excess of Ninety-Seven Thousand Five Hundred Dollars ($97,500.00) and award CAT Transport interest, costs and attorney fees incurred by CAT Transport in the prosecution of this claim.

## COUNT III
## STATUTORY CONVERSION

28. CAT Transport incorporates and realleges paragraphs 1 through 27 as though fully restated herein.

6

29.     The Defendants concealed, embezzled, or converted the Purchase Price of the Truck for their own use, specifically to pay off the UCB loan on another vehicle and to keep the remainder of the Purchase Price for themselves.

30.     The Defendants possessed, concealed and aided in the concealment of the payoff of another truck with UCB and the unlawful taking of the remainder of the Purchase Price with knowledge that both were stolen, embezzled or converted from CAT Transport, in violation of MCL 600.2919a.

31.     Upon information and belief, the Defendants conspired with each other to pay off the UCB loan on another vehicle and keep the remainder of the Purchase Price for themselves, to the detriment of CAT Transport.

32.     Pursuant to MCL 600.2919a, CAT Transport seeks recovery of three times the amount of actual damages sustained, plus costs and reasonable attorney fees for the Defendants' conversion of CAT Transport's property, in the form of the Purchase Price, for their own use.

33.     As a proximate result of the Defendants' conversion of the Purchase Price, CAT Transport has been and will continue to be damaged.

34.     Such damages include, but are not limited to:

A.      The loss of the Purchase Price and the economic value associated with it;

B.      The loss of more than Ten Thousand Dollars ($10,000.00) spent repairing the Truck and making it "road ready" to haul freight; and

C.      The loss of its anticipated profit in excess of Fifty-Two Thousand Dollars ($52,000.00) since May 1, 2021 and continuing at a rate of $1,500-$2,000 per week.

Please see paragraph 18. of Affidavit of Jeremy Hassevoort, attached as **Exhibit A**.

WHEREFORE, CAT Transport respectfully requests that this Honorable Court enter a judgment in favor of CAT Transport, and against the Defendants, jointly and severally, as to Count

III, in excess of Four Hundred Seventy-Seven Thousand Dollars ($477,000.00) and award CAT Transport interest, costs and attorney fees incurred by the CAT Transport in the prosecution of this claim pursuant to one or more Michigan statutes.

## COUNT IV
## FRAUD

35.     CAT Transport incorporates and realleges paragraphs 1 through 34 as though fully restated herein.

36.     At the time of entering into the purchase of the Truck, the Defendants made representations of material fact relative to this transaction. These representations included but were not necessarily limited the following:

    A.     That they would pay off the correct lien from UCB on the Truck; and

    B.     That they would provide the Authentic Title to the Truck, thereby allowing CAT Transport to register the Truck in Michigan and use it to haul freight; and

    C.     That they would provide the Authentic Title to the Truck in a reasonable time period after April 3, 2021 (collectively the "Misrepresentations").

37.     At the time the Defendants made the Misrepresentations to CAT Transport, they were false or were made recklessly without regard to their truth or falsity at that time.

38.     The Defendants made these Misrepresentations to CAT Transport in an attempt to induce them to purchase the Truck by paying the Purchase Price to them.

39.     CAT Transport relied on these Misrepresentations of the Defendants in agreeing to purchase the Truck and paying the Purchase Price to them.

40.     As a direct and proximate result of the Misrepresentations made by the Defendants to CAT Transport, CAT Transport has been damaged in a substantial and material respect as set forth in this Complaint.

WHEREFORE, CAT Transport respectfully requests that this Honorable Court enter a judgment in favor of CAT Transport, and against the Defendants, jointly and severally, as to Count IV, in excess of One Hundred Fifty-Nine Thousand Dollars ($159,000.00) and award CAT Transport interest, costs and attorney fees incurred by the CAT Transport in the prosecution of this claim.

## COUNT V
## FRAUD IN THE INDUCEMENT

41.     CAT Transport incorporates and realleges paragraphs 1 through 40 as though fully restated herein.

42.     When the Defendants made the Misrepresentations, they materially misrepresented both their past conduct and their future conduct with regard to the sale of the Truck.

43.     Given the relationships between CAT Transport, Defendant Tyler and Defendant Mickey, as well as the respective experience and expertise of both Jeremy and Defendant Mickey in purchasing and selling vehicles substantially similar in nature to the Truck, the Misrepresentations were reasonably relied upon by Jeremy and CAT Transport and as a result, CAT Transport has suffered damages.

44.     Throughout the months of April, May, June, July, August and September 2021, the Defendants made and/or repeated the Misrepresentations, including their alleged payoff of the correct UCB loan on the Truck and the issuance of the Authentic Title for the Truck.

45.     The Defendants, in attempting to induce actions by Jeremy, individually, and/or CAT Transport, made and repeated the Misrepresentations to Jeremy and Anne, as representatives of CAT Transport.

46.     When the Defendants made the Misrepresentations, and attempted to persuade and/or convince Jeremy, individually, and/or Jeremy on behalf of CAT Transport, to pay the

Purchase Price of the Truck, the Defendants materially misrepresented their past conduct and their future conduct with regard to multiple aspects of the sale of the Truck to CAT Transport.

47.     Given the relationships between Jeremy, CAT Transport, Defendant Mickey and Defendant Tyler and their respective experience in purchasing and selling vehicles substantially similar in nature to the Truck, the Misrepresentations were reasonably relied upon by Jeremy and CAT Transport in the payment of the Purchase Price to the Defendants.

WHEREFORE, CAT Transport respectfully requests that this Honorable Court enter a judgment in favor of CAT Transport, and against the Defendants, jointly and severally, as to Count V, in excess of One Hundred Fifty-Nine Thousand Dollars ($159,000.00), and award CAT Transport interest, costs and attorney fees incurred by CAT Transport in the prosecution of this claim.

Respectfully Submitted,

HOESCH & VANDER PLOEG, P.L.C.

Dated: November 23, 2021

Timothy A. Hoesch (P46919)
Attorney for Plaintiff
9 East Main Avenue
Zeeland, MI  49464
(616) 772-5221

# EXHIBIT A

FEDERAL DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

C A T TRANSPORT, INC., a Michigan corporation;

                                     Case No. 21-_____- CZ

      Plaintiff,

v

TYLER GWILLIM and MICKEY GWILLIM, individuals,

      Defendants.

                                                   /

Timothy A. Hoesch (P46919)
HOESCH & VANDER PLOEG, P.L.C.
Attorney for the Plaintiff
9 East Main Avenue
Zeeland, MI 49464
(616) 772-5221

                                                         /

## AFFIDAVIT OF JEREMY HASSEVOORT

1.     I am the president and one of the two (2) shareholders of the Plaintiff in the above captioned matter, CAT Transport, Inc. ("CAT Transport"). The other shareholder is my wife, Anne Hassevoort ("Anne").

2.     I have been the president and shareholder of CAT Transport for more than twenty (20) years.

3.     CAT Transport is a trucking company which owns a fleet of semi-trailer trucks which hauls freight nationwide. In the years I have owned CAT Transport, I have purchased and sold numerous semi-trucks similar to the 1984 Peterbilt, vehicle identification number ("VIN") 1XP9DB9X3FP187062 (the "Truck"), I, as an authorized officer of CAT Transport, purchased from the Defendants.

4.      In the first three (3) months of 2021, I became aware through a Facebook post that the Defendants were attempting to sell the Truck. Upon information and belief, Defendant Michael Gwillim ("Defendant Mickey") is a collector of vehicles similar in make and model to the Truck and the president and agent of Gwillim Trucking, Inc., an Illinois corporation, with an address of 12739 Route 108, Carlinville, Illinois 62626. Defendant Tyler Gwillim ("Defendant Tyler") is the secretary of Gwillim Trucking, Inc.

5.      I reached an agreement with the Defendants to purchase the Truck for $97,500.00 (the "Purchase Price"), and on April 3, 2021, I traveled with Anne to meet the Defendants and purchase the Truck on behalf of CAT Transport.

6.      On April 3, 2021, I, on behalf of CAT Transport, paid the Purchase Price of the Truck to Defendant Tyler, divided in amounts as follows:

> A.      CAT Transport check #10755, made payable to Defendant Tyler in the amount of $36,168.09, attached to this affidavit as **Exhibit A-1**; and
>
> B.      CAT Transport check #10756, made payable to United Community Bank ("UCB") in the amount of $26,331.91, attached to this affidavit as **Exhibit A-2**. This check was represented to me to be the payoff amount on the lien in favor of UCB on the Truck; and
>
> C.      Cash in the amount of $35,000.00.

7.      On April 3, 2021, I, on behalf of CAT Transport, received physical possession of the Truck in exchange for the Purchase Price paid to Defendant Tyler.

8.      On April 3, 2021, neither Anne nor I received the title to the Truck, since UCB needed to record a lien release and have a new title issued by the Illinois Secretary of State's office in order to re-register the Truck with a new title, in the name of CAT Transport, and registered in the State of Michigan.

2

9.      On April 3, 2021, I drove the Truck back to Michigan to the CAT Transport offices.

10.     I, on behalf of CAT Transport, purchased the Truck from the Defendants in order to make it part of the CAT Transport fleet, and expected a "clean title", legally authorizing and documenting the transfer of the Truck (the "Authentic Title"), to be provided to me shortly after April 3, 2021 so that CAT Transport could begin to haul freight with it.

11.     In anticipation of receiving the Authentic Title from the Defendants, CAT Transport spent in excess of $10,000.00 replacing parts on the Truck and making it ready to haul loads for CAT Transport.

12.     Based on more than twenty (20) years of experience owning and operating other vehicles similar in make and model to the Truck, I calculated CAT Transport would make $1500-2000 profit per week in its operation of the Truck.

13.     Throughout late April, May and June 2021, I communicated with Defendant Tyler regarding my receipt of the Authentic Title of the Truck. After multiple communications with Defendant Tyler during the time period referenced above, he sent me the title for a 1984 Peterbilt, VIN 1XP9DB9X6EN167916 (the "Fake Title"). A copy of the Fake Title is attached as **Exhibit A-3**.

14.     After determining the Fake Title was not the Authentic Title for the Truck, Anne began communicating with Defendant Mickey regarding the Fake Title and the absolute necessity to receive the Authentic Title to the Truck in order to re-register the Truck in the name of CAT Transport.

15.     Upon information and belief, Anne communicated with Defendant Mickey in July and August 2021, and received various excuses for why the Authentic Title had not been provided, including but not limited to a "mix-up at the Illinois Secretary of State's office." In late August 2021, Defendant Mickey stopped communicating with Anne.

3

16.    In correspondence dated October 11, 2021, to both defendants, counsel for CAT Transport demanded the Defendants either immediately produce the Authentic Title for the Truck or return the Purchase Price. To date, neither of the Defendants has responded to either CAT Transport nor its counsel concerning this correspondence, attached as **Exhibit A-4**.

17.    On October 29, 2021, a representative for UCB acknowledged that the CAT Transport check, attached as **Exhibit A-2**, had been used by the Defendants to payoff the UCB loan noted on the Fake Title, **Exhibit A-3**, for the 1984 Peterbilt VIN 1XP9DB9X6EN167916, and **<u>NOT</u>** the Truck.

18.    As a direct result of the actions and inactions of the Defendants, CAT Transport has been damaged in the following amounts:

      A.    $97,500.00, representing the Purchase Price of the Truck, as noted in paragraph 6. above; and

      B.    In excess of $10,000.00 for the replacement of various parts of the Truck in order to make it "road ready" to haul loads for CAT Transport, as noted in paragraph 11. above; and

      C.    In excess of $52,000.00 CAT Transport would have made in profit between the week of May 1, 2021 and November 1, 2021, given the profit of $2,000 per week as noted in paragraph 12. above;

      D.    Accordingly, CAT Transport's total damages as of November 1, 2021 are calculated in excess of $159,000.00 and are increasing approximately $2,000.00 every week it cannot be utilized by CAT Transport in hauling freight.

FURTHER YOUR AFFIANT SAYETH NOT.

Dated: November 22, 2021

_____
Jeremy Hassevoort

Subscribed and sworn to before me on November 22, 2021, in Ottawa County, Michigan.

_____
Leah Dreyer, Notary Public
Kent County, MI
Acting in Ottawa County, MI
My Commission expires: 12/31/2026

Leah Dreyer
Notary Public of Michigan
Kent County
Expires 12/31/2026
Acting in the County of Ottawa

5

# EXHIBIT A-1

MACATAWA BANK*  10/7/2021 3:21 PM



Amount: $-36,168.09

Statement Description: CHECK

Check Number: 10755

Posted Date: 4/13/2021

Type: Debit

Status: Posted

# EXHIBIT A-2



MACATAWA BANK® 10/7/2021 3:21 PM



**CAT TRANSPORT, INC**
3820 126th Ave
Allegan, MI 49010

**MACATAWA BANK**
1 (877) 820-2265
www.macatawabank.com
74-1384/724

10756

4-3-21

PAY TO THE ORDER OF  United Community Bank     $ 26,331.91

twenty six thousand three hundred thirty one and 91/100 ———— DOLLARS

MEMO 359 Pete

AUTHORIZED SIGNATURE

⑈010756⑈ ⑆072413845⑆     19⑈8⑈

UNITED COMMUNITY BANK

0910434411
2021-04-06

UCB  >071108407<      11:51 AM
Carlinville            BH 1604 Seq#
*Deposit ID: 1323034 ☆
 0076041204 2021-04-03            26,331.91

*Processed Next Business Day*

mount: $-26,331.91
atement Description: CHECK
heck Number: 10756
sted Date: 4/6/2021
pe: Debit
tus: Posted

# EXHIBIT A-3

# STATE OF ILLINOIS

## CERTIFICATE OF TITLE OF A VEHICLE    5038862

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1XP9DB9X6EN167916 | 1984 | PETERBILT | CONVENTIONAL 359 | TRACTR TK | 19113698918 |

`1XP9DB9X6EN167916`

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 04/23/19 | | | | 03/26/19  USED | ORIGINAL |

MAILING ADDRESS

LEGEND(S)
MILEAGE NOT REQUIRED
** FLOOD **

UNITED COMMUNITY BANK
PO BOX 148
GILLESPIE IL 62033-0148

OWNER(S) NAME AND ADDRESS
TYLER K GWILLIM
12739 RT 108
CARLINVILLE IL 62626

FIRST LIENHOLDER NAME AND ADDRESS
UNITED COMMUNITY BANK
PO BOX 148
GILLESPIE IL 62033-0148

SECOND LIENHOLDER NAME AND ADDRESS

### RELEASE OF LIEN

The Lienholder of the vehicle described in this Certificate does hereby state that the same is released and discharged.

United Community Bank    By _____ VP    Date 4-21-21
Firm Name                        Signature of Authorized Agent

By _____    Date _____
Firm Name                        Signature of Authorized Agent

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.
Secured Party: _____    Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

| NO | TENTHS |
|---|---|

ODOMETER READING

Signature(s) of Seller(s) _____

Printed Name(s) of Seller(s) _____    DATE OF SALE _____
I am aware of the above odometer certification made by seller.

Signature(s) of Buyer(s) _____    Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any.
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.

R1799391

_Jesse White_
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

# EXHIBIT A-4

# HV HOESCH & VANDER PLOEG, P.L.C.

### ATTORNEYS AND COUNSELORS AT LAW

TIMOTHY A. HOESCH

EDWIN J. VANDER PLOEG, JR.

*Also licensed in Tennessee*

p. 616.772.5221
f.  616.772.2367

p. 616.772.5221
f. 616.772.1181

October 11, 2021

*-Via U.S. First Class Mail and Certified Mail -*

9489 0090 0027 6316 5177 88

Mickey Gwillim
Tyler Gwillim
12739 Rt 108
Carlinville, IL 62626.

**RE:    Title for 1984 Peterbilt; VIN: 1XP9DB9X3FP187062**

Gentlemen:

Please be advised that I represent CAT Transport, Inc. in the purchase of the 1984 Peterbilt semi-truck referenced above. It is my understanding that on or about April 3rd, 2021, my client paid you a total of $97,500.00 for the truck. To date, however, my client and its representatives have received nothing but reasons and/or excuses why a proper title cannot be provided, including but not limited to a proposed title for another vehicle all together.

Accordingly, based on your actions or inactions, my client will take all steps necessary to protect its legal rights and will begin proceedings in Michigan and/or Illinois by Tuesday, October 19, 2021, unless a genuine, accurate title is provided for the truck that was purchased as noted above in April, 2021. If you have any questions, please do not hesitate to contact me at the number above. Additionally, the title for the vehicle purchased should be sent directly to my office at the address below.

Respectfully,

HOESCH & VANDER PLOEG, P.L.C.

Timothy A. Hoesch

TAH/lmd
cc: CAT Transport, Inc.

9 EAST MAIN AVENUE  ZEELAND, MICHIGAN 49464-1766
TOLL FREE   877.341.5107